[Cite as *State v. Vaughn*, 2016-Ohio-3320.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103330

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KAIN K. VAUGHN

DEFENDANT-APPELLANT

**JUDGMENT:**
CONVICTION AFFIRMED AND
REMANDED TO CORRECT SENTENCE

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593122-B

**BEFORE:** Blackmon, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 9, 2016

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
6505 Rockside Road
Suite 320
Seven Hills, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Norman Schroth
Daniel T. Van
Greg Ochocki
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Kain K. Vaughn ("Vaughn") appeals his sentence and assigns the following two errors for our review:

> I. The trial court's sentencing journal entry imposing a forty-five year [and] six month term of imprisonment is in error because it is not supported by the record.

> II. The trial court erred by imposing consecutive prison terms for appellant, Kain K. Vaughn's convictions because the record does not support the court's findings for imposing consecutive sentences.

**{¶2}** Having reviewed the record and pertinent law, we affirm Vaughn's conviction and remand for the trial court to correct the sentence via a nunc pro tunc entry. The apposite facts follow.

**{¶3}** The Cuyahoga County Grand Jury jointly indicted Vaughn and his codefendant Demetrias Vinson ("Vinson") in a multicount indictment that included the following counts: eight counts of aggravated robbery, six counts of felonious assault, four counts of kidnapping, two counts of intimidation of a witness, and one count of vandalism. All of the above counts had one- and three-year firearm specifications. Additionally, Vaughn was indicted for two counts of carrying a concealed weapon, two counts for having a weapon while under disability, and one count of receiving stolen property; all of which had forfeiture of weapon specifications. Vaughn was 17 years old when the crimes were committed; however, he was bound over from the juvenile court to the common pleas court.

**{¶4}** The counts arose from a string of armed robberies. Although Vaughn's codefendant Vinson was indicted for six armed robberies, Vaughn was indicted for his involvement in two of those robberies. On October 19, 2014, at 9:00 a.m., Vaughn and

Vinson, armed with handguns, robbed Tom's Food Mart located on Denison Avenue in Cleveland, Ohio. Later that day, they robbed the Franklin Food Mart located on West 44th Street. Vaughn and Vinson tried to conceal their identities by destroying the security cameras at both stores. However, in spite of the damage to the security camera at Tom's Food Mart, police were able to retrieve still-frame video footage of the robbery from the damaged camera. The still frames clearly show Vaughn and Vinson with guns, robbing the store owner. One of the victims was forced to be the getaway driver.

{¶5} The prosecutor offered a package plea deal to Vaughn and Vinson, which required them both to plead guilty. The defendants agreed, and as a result, Vaughn pleaded guilty to the following: two counts of aggravated robbery with three-year firearm specifications; two counts of aggravated robbery with one-year firearm specifications; one count of kidnapping; one count of intimidation of a witness with a one-year firearm specification; one count of vandalism; one count of having a weapon while under disability with a forfeiture of weapon specification; one count of attempted having a weapon while under disability with a forfeiture of weapon specification; and, one count or receiving stolen property with a forfeiture of weapon specification.

{¶6} After accepting Vaughn's plea, the trial court continued the matter so that a presentence investigation report could be compiled.

{¶7} At the sentencing hearing, the footage from the security camera from Tom's Food Mart was played along with audio from the robbery. Although the audio was not submitted as part of the appellate record, statements made by the prosecutor in

the transcript indicates that the audio revealed that the victims were threatened and a gunshot is heard being fired.

**{¶8}** After the video and audio were played, Vaughn expressed remorse for his actions and stated that he "learned his lesson." The trial court noted that Vaughn had an extensive juvenile record, including two prior delinquencies for aggravated robbery, and also prior delinquencies for robbery, domestic violence, kidnapping, receiving stolen property, carrying a concealed weapon, and having a weapon while under disability. He violated his probation several times by committing other offenses and by testing positive for drugs.

**{¶9}** At the hearing, the trial court sentenced Vaughn to a total sentence of 26 years in prison. However, in its journal entry, the trial court sentenced Vaughn to 45-1/2 years in prison.

## Sentencing Entry

**{¶10}** In his first assigned error, Vaughn argues that the trial court's sentencing entry did not reflect the sentence imposed at the sentencing hearing. The state concedes that the journal entry does not reflect the sentence ordered at the hearing.

**{¶11}** The sentence imposed by the trial court at the sentencing hearing was as follows:

> [O]n Counts 2 and 6, both felonies of the 1st degree, the sentence of the court is the same, 250 and costs, 11 years at the Lorain Correctional Institution plus three years for the gun specification.
>
> On Counts 11 and 12, those are also felonies of the 1st degree. However, they have a one-year firearm specification. The sentence will be the same,

250 and costs, 11 years at the Lorain Correctional Institution plus one year for the firearm specifications.

On Count 9, kidnapping, which is also a felony of the 1st degree, the sentence of the Court is 250 and costs, 11 years at the Lorain Correctional Institution. That will be consecutive to the other sentences.

Now, the first four sentences that the court gave of 11 years will be *concurrent* to each other.[1] The kidnapping is consecutive. Count 18 and Count 22 are both felonies of the 3rd degree. Count 18 is intimidation of a crime victim with a one-year specification. Count 22 is having a weapon while under disability with a forfeiture. Each is a felony of the 3rd degree. The sentence will be the same, 250 and costs, 36 months at the Lorain Correctional Institution. On the intimidation of a crime victim * * * plus one year for the specification.[2]

Count 19 is a charge of vandalism, that's a felony of the 5th degree. The sentence of the court is 250 and costs, 12 months at the Lorain Correctional Institution. That will be concurrent with Count numbers 2, 6, 11, and 12.

On Counts 49 and 52, each is a felony of the 4th degree, each is — the sentence will be the same. 250 and costs, 18 months at the Lorain Correctional Institution. They'll be concurrent with 2, 6, 11, and 12.[3]

Tr. 62-64.

{¶12} As to the firearm specifications on the aggravated robbery counts, (Counts 2, 6, 11, and 12), the trial court clarified as follows:

---

[1]In the sentencing entry, the trial court stated that the first two of the aggravated robberies ran concurrent to each other, but consecutive to the last two aggravated robberies, which were run concurrent, for a total of 22 years.

[2]Regarding the underlying crimes to Counts 18 and 22, the trial court does not state whether these counts run consecutively or concurrently, however in the sentencing entry the court states they are consecutive.

[3]In the sentencing entry the court states that Count 52 is consecutive to the other sentences.

Court: He has 2, 6, 11, and 12 are concurrent to each other. However, there is a three-year firearm specification on 2 and 6, there is a one-year firearm specification on 11 and 12.

State: Correct.

Court: The sentences, though, are the same and now I don't know if you want to be heard on the gun specs about whether or not they can be concurrent but the court has ordered those sentences concurrent so he would actually end up serving one, three-year firearm specification.

{¶13} The state objected and argued that the firearm specifications on the aggravated robbery counts had to be served consecutively to each other and did not merge. The trial court disagreed and found that because "it was the same person, same involvement, action, and therefore I'm going to run them concurrently. You can appeal it."[4] Tr. 69.

{¶14} Based on the above, at the hearing, the trial court imposed a prison sentence of 26 years as follows. The four aggravated robbery counts and accompanying firearm specifications were merged for a total of 14 years.

{¶15} The sentence for the kidnapping count was 11 years to be served consecutively to the aggravated robberies. The court imposed three years for the having a weapon while under disability count, and four years for the intimidation count, including the one-year firearm specification. Pursuant to R.C. 2929.41(A), because the trial court did not state at the hearing whether these two counts were to be served concurrently or consecutively, we presume they were run concurrently. *See State v. Miller*, 8th Dist.

---

[4]In the sentencing entry, the trial court runs all of the firearm specifications consecutively.

Cuyahoga No. 84540, 2005-Ohio-1300. If sentencing is ambiguous as to whether a sentence should be served concurrently or consecutively, the ambiguity must be resolved in favor of the defendant and the sentences must be served concurrently. *State v. Quinones*, 8th Dist. Cuyahoga No. 83720, 2004-Ohio-4485, ¶ 26. The court, however, imposed a one-year sentence for the one-year firearm specification on the intimidation count.

{¶16} The remaining sentences for the attempted having a weapon while under disability, vandalism, and receiving stolen property, were run concurrently. Thus, the total sentence imposed at the hearing was 26 years. (14 + 11 +1 = 26.)

{¶17} In its journal entry, the trial court sentenced Vaughn to 45-1/2 years in prison. Notably, the trial court in the sentencing hearing did not order all of the aggravated robbery counts to be served concurrently, but only ran two sets of the aggravated robbery counts concurrently. Thus, instead of 11 years for all four counts for aggravated robbery, the trial court imposed 22 years. The trial court also ran all of the firearm specifications consecutively for an additional eight years. The court also stated in the journal entry that the intimidation and vandalism charges ran consecutively.

{¶18} A trial court cannot impose a sentence in the sentencing entry that differs from that it imposed at the sentencing hearing. Crim.R. 43 provides a criminal defendant the right to be present at every stage of the criminal proceedings including the imposition of sentence and any modification of a sentence. Crim.R. 43(A)(1). Thus, "'[b]ecause the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence that it announced at the

sentencing hearing in the defendant's presence.'" *State v. Patrick*, 4th Dist. Lawrence No. 12CA16, 2013-Ohio-3821, ¶ 10, quoting *State v. Kovach*, 7th Dist. Mahoning No. 08-MA-125, 2009-Ohio-2892, ¶ 28, in turn citing *State v. Jordan*, 10th Dist. Franklin No. 05AP-1330, 2006-Ohio-5208, ¶ 48. Thus, the sentencing entry must be corrected to reflect that all the counts are run concurrently except for the concurrent 11 years for the four counts for aggravated robberies and the 11 years imposed for the kidnapping. Additionally, the trial court imposed a one-year sentence for the specification attached to the intimidation charge.

{¶19} The trial court also stated in the journal entry that all of the firearm specifications for the aggravated robberies would run consecutively. This is contrary to what the trial court imposed at the sentencing hearing. At the sentencing hearing, the court ran the firearm specifications for the aggravated robberies concurrently for a total of three years. The state argues that pursuant to R.C. 2929.14(B)(1)(g), the trial court was required to run the firearm specifications consecutively. R.C. 2929.14(B)(1)(g) provides:

> (g) If an offender is convicted of or pleads guilty to two or more felonies,
> if one or more of those felonies are aggravated murder, murder, attempted
> aggravated murder, attempted murder, aggravated robbery, felonious
> assault, or rape, and if the offender is convicted of or pleads guilty to a
> specification of the type described under division (B)(1)(a) of this section in
> connection with two or more of the felonies, the sentencing court *shall*
> impose on the offender the prison term specified under division (B)(1)(a) of

this section *for each of the two most serious specifications* of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

(Emphasis added.)

{¶20} Vaughn was sentenced for crimes of aggravated robbery; therefore, R.C. 2929.14(B)(1)(g) required the trial court to sentence Vaughn on the two most serious specifications. Therefore, the trial court should have sentenced Vaughn on the two, three-year firearm specifications for a total of six years. *See also State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, ¶ 42 ("the court mistakenly believed that it was required to run all three firearm specifications consecutively when, in fact, R.C. 2929.14(B)(1)(g) requires only that two specifications be run consecutively and that the court has the discretion to run any other firearm specifications consecutively."). Because the trial court at the hearing imposed the firearm specifications concurrently, on remand, it can only run two of them consecutively.

{¶21} Accordingly, Vaughn's first assigned error is sustained. The trial court is ordered to issue a nunc pro tunc order to correct the sentencing entry to reflect the sentenced imposed at the sentencing hearing. *See State v. Hall*, 8th Dist. Cuyahoga No. 96791, 2011-Ohio-6441 (The right to be present is not abridged, where the trial court issues a nunc pro tunc order to correct a clerical error so that the journal entry accurately reflects the original sentence imposed at the hearing and does not modify the sentence.).

**{¶22}** Additionally, the trial court must correct the entry to reflect that two of the three-year firearm specifications associated with the aggravated robberies are to run consecutively pursuant to R.C. 2929.14(B)(1)(g). Because the additional three-years for the firearm specification is mandated by statute and mechanical in nature, the correction can be made without resentencing Vaughn. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263,¶ 19 ("The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.") Thus, on remand, the sentence is to be corrected to show that Vaughn's total sentence is 29 years in prison.[5]

## Consecutive Sentences

**{¶23}** In his second assigned error, Vaughn argues that the record does not support the imposition of consecutive sentences. In so arguing, Vaughn refers to the 45-and-a-half-year sentence that the trial court imposed in its sentencing entry. However, at the time the trial court imposed the sentence and made the findings, it imposed 29 years in prison. Accordingly, we will address whether the trial court erred

---

[5]The sentence should be corrected to reflect the following sentence: (1) for the four aggravated robbery counts, a total of 17 years (the underlying offenses run concurrently for a total of 11 years and six years for the firearm specifications); (2) for the kidnapping count 11 years to run consecutive to the aggravated robbery counts; (3) the three years for the having a weapon while under disability count and four years for the intimidation count are concurrent with the rest of the sentence because the trial court failed to state at the hearing whether they were consecutive, but the one-year firearm specification attached to the intimidation count is to run consecutive; and, (4) the 12-month sentence for the vandalism count and 18 month sentences for the attempted having a weapon while under disability and receiving stolen property counts are concurrent. Thus, the total sentence is 29 years in prison.

by ordering that the 11-year sentence for the kidnapping charge be served consecutively to the 11-year total for the aggravated robbery charges.

{¶24} Under R.C. 2929.14(C)(4), consecutive sentences may be imposed if the trial court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any one of the following apply:

> (1) the offender committed one of more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

> (2) at least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

> (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶25} Prior to ordering consecutive sentences, a trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. However, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can

determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

**{¶26}** In this case, the trial court found that consecutive sentences were "necessary to protect the public from future crimes" and was "necessary to punish the offender." The court also found that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct" and that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Thus, the trial court made the required findings pursuant to R.C. 2929.14(C).

**{¶27}** The record contains evidence to support the trial court's findings. Vaughn had an extensive juvenile record, including two counts of delinquency for committing aggravated robbery with a firearm. In fact, he was on probation with the juvenile court when he committed the crimes in the instant case. Vaughn and his codefendant not only robbed the stores at gunpoint, but also forced one of the victims to drive the getaway car from the scene. Vaughn and his codefendant also tried to conceal their criminal activity by smashing the security cameras in both of the stores. Based on the record, we cannot say the trial court erred by running the kidnapping charge consecutive to the aggravated robberies. Accordingly, Vaughn's second assigned error is overruled.

**{¶28}** Conviction affirmed; case is remanded for the trial court to issue a nunc pro tunc order correcting the sentence.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.    Case remanded to the trial court for correction and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE
TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR