[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Winfree v. McDonald,* Slip Opinion No. 2016-Ohio-8098.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8098

THE STATE EX REL. WINFREE, APPELLANT, *v.* MCDONALD, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Winfree v. McDonald,* Slip Opinion No. 2016-Ohio-8098.]

*Mandamus and procedendo—Appellant failed to show that he has clear legal right to de novo resentencing hearing—Court of appeals' judgment affirmed.*

(No. 2015-1525—Submitted August 16, 2016—Decided December 14, 2016.)

APPEAL from the Court of Appeals for Lucas County, No. L-14-1222.

_____

**Per Curiam.**

{¶ 1} Appellant, Edward A. Winfree, appeals from the judgment of the Sixth District Court of Appeals denying in part his petition for writs of mandamus and procedendo. Because Winfree has not shown that he has a clear legal right to a de novo resentencing hearing, we affirm the court of appeals' judgment.

*Facts*

{¶ 2} Winfree is currently incarcerated at the Toledo Correctional Institution, serving several sentences for multiple felony convictions he received in Lucas and Erie Counties. Relevant to this appeal, in 2011, the Lucas County Court of Common Pleas accepted Winfree's no-contest pleas to—and convicted him of—two counts of vehicular assault. The judgment entry sentenced Winfree to eight years in prison and ordered him to "pay restitution in an amount to be determined at a hearing."

{¶ 3} Winfree did not file a timely notice of appeal from the trial court's judgment, and the court of appeals denied his motion for a delayed appeal. In May 2014, he filed a "Motion to Correct Void and Illegal Sentence" in the trial court. He argued that his sentencing entry was not a final, appealable order because it "left unresolved the issue of restitution." On September 24, 2014, the trial court denied Winfree's motion; his appeal from that decision is pending.

{¶ 4} On October 27, 2014, Winfree filed a "Petition for Writ of Mandamus and/or Procedendo" in the Sixth District Court of Appeals to compel appellee, Judge Frederick H. McDonald, to hold a de novo resentencing hearing and enter a final, appealable order. The court of appeals issued an alternative writ, and Judge McDonald moved to dismiss the petition for failure to state a claim under Civ.R. 12(B)(6).

{¶ 5} The court of appeals denied Judge McDonald's motion to dismiss. The court held that Winfree's original sentencing entry was not a final, appealable order because it failed to specify the amount of restitution ordered as part of his sentence. The court then granted in part and denied in part the requested writs and held that Winfree is not entitled to a de novo resentencing hearing to correct the error. Instead, the court of appeals ordered the trial court to "issue a sentencing entry that complies with Crim.R. 32(C) and constitutes a final appealable order."

6th Dist. Lucas No. L-14-1222, ¶ 14 (Aug. 13, 2015). The court also suggested that the trial court had two options for remedying the error:

> If, upon remand, the trial court elects to omit the portion of the sentence ordering restitution, it must issue a nunc pro tunc judgment entry eliminating the language that requires Winfree to "pay restitution in an amount to be determined at [a] hearing." If, however, the trial court elects to retain the portion of the sentence ordering restitution, the court must impose the *amount* of restitution at a limited resentencing hearing "in open court" pursuant to R.C. 2929.18(A)(1).

(Emphasis and brackets sic.) *Id.* at ¶ 13.

{¶ 6} On August 31, 2015, the trial court entered a nunc pro tunc order "correcting the entry filed June 22, 2011." The nunc pro tunc order omits the language in the 2011 entry ordering Winfree to pay restitution.

{¶ 7} On September 15, 2015, Winfree filed a notice of appeal from the court of appeals' judgment. In three propositions of law, he argues that he is entitled to a de novo resentencing hearing and that a nunc pro tunc entry cannot be issued to correct the error in the trial court's original sentencing entry. In June 2016, Winfree filed a motion for judgment on the pleadings, asking that this court expedite its review of his appeal.

*Analysis*

**I. Scope of Winfree's appeal**

{¶ 8} Winfree argues that the court of appeals erred when it suggested that the trial court could cure the error in the original judgment entry of conviction by issuing a nunc pro tunc judgment entry. However, he does not have standing to appeal as to that issue because an " '[a]ppeal lies only on behalf of a party aggrieved

by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant.' " *State ex rel. Gabriel v. Youngstown*, 75 Ohio St.3d 618, 619, 665 N.E.2d 209 (1996), quoting *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus.

{¶ 9} The only portion of the court of appeals' judgment "injuriously affecting" Winfree is the ruling that he is not entitled to a de novo resentencing hearing. Because it exceeded the scope of the relief sought, the appellate court's suggestion that the trial court issue a nunc pro tunc order to correct its error was merely dicta, not a legally binding portion of the holding. *See Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St.3d 281, 284, 638 N.E.2d 991 (1994). Thus, we will not consider the propriety of the court of appeals' suggestion that a nunc pro tunc order could be used to correct the error in the trial court's original sentencing entry.

## II. Challenge to partial denial of writ of mandamus

{¶ 10} To be entitled to extraordinary relief in mandamus, Winfree must establish a clear legal right to the requested relief, a clear legal duty on the part of the trial court to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Further, he must prove his entitlement to the writ by clear and convincing evidence. *Id*. at ¶ 13.

{¶ 11} The court of appeals correctly denied Winfree a writ of mandamus to the extent he sought to compel the trial court to hold a de novo resentencing hearing to correct the incomplete restitution order in its original judgment entry of conviction. "[T]he remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing." *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2, citing *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895

4

N.E.2d 805, ¶ 8-10. Accordingly, Winfree failed to demonstrate that he has a clear legal right to a de novo resentencing hearing.

{¶ 12} As the court of appeals observed, had the trial court elected to correct, rather than omit, the flawed restitution order included in the original judgment entry of conviction, it would have been required to hold a resentencing hearing for the limited purpose of determining and imposing a specific amount of restitution. *See* R.C. 2929.18(A)(1). Thus, any error by the trial court in arriving at the new judgment is a matter for direct appeal.

{¶ 13} For the foregoing reasons, we affirm the judgment of the Sixth District Court of Appeals. Winfree's motion for judgment on the pleadings is denied as moot.

Judgment affirmed

and motion denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Edward A. Winfree, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

_____