[Cite as *Cleveland v. Zingale*, 2017-Ohio-8232.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105763

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## LINDA L. ZINGALE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 TRC 025061

**BEFORE:** Blackmon, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 19, 2017

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

By:   Allen Vender
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland

By: Kimberly G. Barnett-Mills
Katherine Maurath
Assistant City Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Defendant-appellant Linda L. Zingale ("Zingale") appeals from the fine imposed for her conviction for operating a vehicle while under the influence of alcohol or drugs ("OVI") and running a red light. Zingale assigns the following error for our review:

> The trial court erred when it imposed a greater fine in the sentencing entry than it imposed in open court[.]

{¶2} The city, pursuant to Loc.App.R. 16(B), has conceded the assigned error. Our review of the record confirms that the fine imposed in the sentencing entry exceeds the amount announced in open court, so we affirm the conviction, but we remand the case for the limited purpose of issuing a nunc pro tunc sentencing entry to conform to the sentence announced during the sentencing hearing.

{¶3} On July 15, 2016, Zingale was cited for running a red light and OVI in Cleveland. Following a bench trial, she was found guilty of both offenses. During the April 12, 2017 sentencing hearing, the trial court announced the following penalty for the OVI charge:

> Imposing the minimum mandatory $375 fine. Costs are waived. Two years active probation, to include a substance abuse assessment. Follow any recommendations that come from that. Also you will do substance abuse testing. You will do the Driver's Intervention Program. * * * You're to comply with all of those. License is suspended from the date of the offense, 7-15-16 for three years, until 7-14-19.

No fine was imposed for running a red light.

**{¶4}** Thereafter, in its journalized sentencing order, the trial court imposed a $1,075 fine for OVI, with $700 suspended, and a $50 fine for running a red light.

### Crim.R. 43

**{¶5}** Under Crim.R. 43, a criminal defendant has the right to be present at every stage of the criminal proceedings including the imposition of sentence and any modification of a sentence. Crim.R. 43(A)(1). Therefore, "[a] trial court cannot impose a sentence in the sentencing entry that differs from that it imposed at the sentencing hearing." *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320, ¶ 18. *See also State v. Alvelo*, 8th Dist. Cuyahoga No. 104422, 2017-Ohio-742, ¶ 35.

**{¶6}** The city of Cleveland concedes that the journalized sentence sets forth fines for both offenses that are greater than the fines announced during the sentencing hearing. Our independent review of the record also confirms that the fine imposed in Zingale's presence was $350 for OVI, and no fine for running a red light. Accordingly, we affirm the convictions, but we remand the sentencing order for nunc pro tunc correction to conform to the sentence announced in open court.

**{¶7}** Convictions affirmed. Case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,   JUDGE

TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR