[Cite as *State v. Ray*, 2021-Ohio-691.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109635 |
| v. | : | |
| RUSSELL RAY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 11, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-632839-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Radigan, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Russell Ray, appeals his sentence. Finding no merit to the appeal, we affirm.

{¶ 2} In 2019, Ray was named in a 13-count indictment charging him with various sexual-related offenses and specifications involving two minor children. In

January 2020, Ray, with the assistance of counsel, pleaded guilty to two amended counts of rape (Counts 1 and 3); gross sexual imposition (Count 5); two counts of disseminating matter harmful to juveniles (Counts 7 and 11); and two amended counts of endangering children (Counts 12 and 13). At various times during the plea hearing, the trial court advised Ray of the minimum and maximum penalty he could receive on each count. Additionally, during the plea hearing, counsel advised Ray that he was looking at "10 to 12 years," and the court reiterated that it "had to sentence [Ray] between a range of [10 to 12] years." (Tr. 27-28.) Moreover, at the end of the plea hearing Ray clarified that his sentence would be "10 to 12." (Tr. 39.)

{¶ 3} The trial court sentenced Ray in February 2020. At the hearing, the trial court stated that it was imposing consecutive sentences and gave its reasons for doing so. When imposing the sentence on each count, the court stated:

> I do not find a single term would reflect the seriousness of this case;] therefore, I will impose a prison sentence that is consecutive on [C]ounts 1 and 3. And then [C]ounts 5, 7, 11, 12, and 13 will be run concurrent.

> Count 1, six years. Count 3, six years. Count 5, four years. Count 7, 12 months. Count 11, 12 months. Count 12, six years. Count 13, six years.

(Tr. 64.) The court did not state on the record the total aggregate sentence of 12 years.

{¶ 4} In its sentencing journal entry, the trial court stated that it was imposing a total sentence of 12 years. The entry provided, in relevant part:

> The court imposes a prison sentence at the Lorain Correctional Institution of 12 year(s). Count One — 6 years[;] Count Three — 6 years;] Count Five — 4 years[;] Count Seven — 12 years[;] Count Eleven — 12 years[;] Count Twelve — 6 years[;] Count Thirteen — 6 years.

Counts One & Three to run consecutive. Counts Five, Seven, Eleven, Twelve, & Thirteen to run concurrent[ly] to Counts One and Three.

{¶ 5} After realizing the clerical error in the sentencing journal entry regarding the sentences on Counts 7 and 11, the trial court issued a nunc pro tunc to clarify that the sentences on Counts 7 and 11 were imposed in terms of "months," not "years." This clarification is consistent with what the trial court orally pronounced during the sentencing hearing.

{¶ 6} On appeal, Ray contends in his sole assignment of error that the trial court "entered a void sentence which could not be corrected later in a nunc pro tunc as it was a violation of Crim.R. 43."

{¶ 7} We first note that it appears that Ray has misread the nunc pro tunc journal entry, apparently concluding that it was issued because the court added the total aggregate sentence language. However, that information was contained in the original sentencing entry. As previously stated, the purpose of the nunc pro tunc was to clarify that the sentences for Counts 7 and 11 were imposed in terms of "months," not "years." The trial court's use of a nunc pro tunc entry was proper. *See, e.g., State v. Undiandeye*, 8th Dist. Cuyahoga No. 109138, 2020-Ohio-4301 (nunc pro tunc entry is limited to memorializing what the trial court did at an earlier point in time, such as correcting an order that fails to reflect the trial court's true action); Crim.R. 36 (authorizes the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time.").

{¶ 8} Additionally, we note that Ray's sentence is not void, nor did the court violate Crim.R. 43. "A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *State v. Henderson*, Slip Opinion No. 2020-Ohio-4784, ¶ 27. In this case, the trial court had both subject-matter jurisdiction and personal jurisdiction over Ray to accept his guilty pleas and impose sentence because he was charged with and sentenced for multiple felonies. *See* R.C. 2931.03; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 25. Accordingly, Ray's sentence would be merely voidable if any error had occurred.

{¶ 9} Furthermore, the trial court did not violate Crim.R. 43. Under Crim.R. 43, a criminal defendant has the right to be present at every stage of the criminal proceedings, including the imposition of sentence and any modification of a sentence. Crim.R. 43(A)(1). And a trial court cannot impose a sentence in the sentencing entry that differs from what it imposed at the sentencing hearing. *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320, ¶ 18. However, and contrary to Ray's argument, the trial court did not impose a new or different sentence than what it announced in open court. The court stated in open court that it was imposing consecutive sentences on Counts 1 and 3 and that each sentence would be six years. The court's stated sentences equal 12 years, which is within the sentencing range of which the trial court expressly advised Ray multiple times during the plea hearing. The fact that the sentencing journal entry specifically indicated an aggregate sentence of 12 years did not substantively change the

sentence that the trial court imposed during the sentencing hearing. Accordingly, there is no error, and the assignment of error is overruled.

{¶ 10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR