[Cite as *State v. Miles*, 2021-Ohio-4581.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210226 |
| | | TRIAL NO. C-20CRB-24552A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| CATY R. MILES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 29, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald Springman*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellant Caty Miles appeals the trial court's order of restitution, arguing that the trial court erred when it ordered her to pay $5,000 in restitution. For the following reasons, we sustain Miles's assignment of error, reverse the trial court's order as to the amount of restitution, and remand this cause to the trial court to hold an evidentiary hearing, as required by R.C. 2929.28(A)(1), and to impose an amount of restitution in open court with Miles present.

## Factual Background and Procedural History

{¶2} Caty Miles was charged with theft in violation of R.C. 2913.02, a misdemeanor of the first degree, and obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree. The theft complaint alleged that Miles, "with purpose to deprive the owner of property, shall [sic] knowingly obtain or exert control over the property Without [sic] the consent of the owner or person authorized to give consent." The complaint did not specifically allege what property was taken.

{¶3} On March 22, 2021, Miles pleaded guilty to the theft charge and the charge for obstructing official business was dismissed. The trial court found Miles guilty and proceeded to sentencing. After hearing arguments in support of mitigation from defense counsel, the state informed the court that it would be seeking restitution and had individuals present from Matthew 25 Ministries to address the court. The following exchange occurred:

State:  Your honor, I do have Ms. Merritt and Mr. Gillespie here. They're both from Matthew 25 Ministries. I think they both would like to speak to the court. The state would be seeking restitution today. Mr. Gillespie is in a

great position to talk about that amount. We could do that today –

Court:  Yeah.

State:  -- or you could set it out for a restitution hearing. It's up to you.

Court:  No. Go ahead.

Gillespie:  The amount that they put in their pickup truck, what we did was we equated that to what we call a "gaylord" of clothing, which is roughly a box that is 40-by-48-by-34 on the top. One gaylord of clothing costs about $10,000. That's the value of what we ship. And they did that twice.

Court:  They took – when you say "they," this defendant and others?

Gillespie:  Yep.

Court:  Whoa.

Gillespie:  The others, they apparently couldn't identify in the video. But that was the value of what was taken.

Court:  All right. Anything on that?

Defense:  Your honor, if we are going to ask for $10,000 of restitution, my client –

Court:  It sounds like $20,000, doesn't it?

Gillespie:  We would drop that down. I mean, we're looking to get something out of this.

Court:  What would you offer? What would satisfy you?

Gillespie:     Five thousand would be great.

Court:         All right.

Defense:       Like I said, if we're asking for $5,000 in restitution, my client is unemployed. We would be asking for a restitution hearing.

Court:         We can do that now.

Defense:       Okay. There is no – I don't think there is any paperwork or anything to show how much it would actually be. I know that they're equating it to something, but there is no actual evidence of exactly what was put into the pickup truck and what was actually taken.

State:         Your honor, it's my understanding – Mr. Gillespie, I know, will correct me if I have this wrong, but I know that the – these were donations. They were dropped off there and taken off the property before they had a chance to be distributed out to the community. The Matthew 25 Ministries at least every three years does do [sic] look at the fair market value of different items of clothing, different donations, and then equates them to what would fit in one of those gaylords that he described, the square boxes. That is the amount per fair market value if you would run that down by the unit that fit into that gaylord. That is where that 20 – traditionally about $20,000; correct?

Gillespie:     Yeah.

4

State:      That's where that number does come from. Obviously given that these are donations, there's not – it's not like a Home Depot theft or something of that nature where we have, you know, barcodes with a very specific amount of restitution to be sought.

Defense:    In response to that, I would say that there is no evidence that there actually was a gaylord worth of stuff actually taken to have my client have to pay $20,000 in restitution.

Court:      Well, does she want a trial? It sounds like you just pled guilty to taking two of these gaylords. Is that not what we're pleading to?

Defense:    No. She pled to one theft.

Court:      Yeah.

Defense:    But that's – pleading to a theft and pleading to the amount that's in a gaylord, that wasn't part of what the theft was.

Court:      I get it.

Defense:    She's pleading guilty to the theft like – like from out of the truck.

State:      And if the court would want, I would need to take a brief recess to get video. I know there is surveillance video that would demonstrate how much was taken, or I believe Mr. Gillespie viewed that video – could explain

to the court under oath the amount of things he thought got taken out of there.

Court:      This is an – I have 180 days to work with this. I mean, do you want to be on probation and pay off this restitution?

Miles:      I mean, I can try to get on – I'm on probation. I can try and get employment to be able to pay off whatever.

Court:      I mean, there's going to be restitution.

Miles:      If it wasn't for probation, I would be able to get employment. That way I would be able – I – I am not by any means – and I do sincerely apologize to them. But I'm not by any means trying to not give them back anything. They deserve something. So probation would be best, like I said, to help give that back to them.

Court:      All right. I'll go ahead with the probation if you're going to agree to the restitution. Does that sound like a plan?

Miles:      Yes, sir.

Court:      All right. You're asking for $5,000 instead of 20?

Gillespie:  Yeah.

Court:      All right. It will be 180 days. I'll credit your one. I'll suspend the 179. I'm not going to give you a fine. It will be costs only. Three years probation. Pay through. Treatment and counseling as recommended by Hamilton County Probation. Stay out of Matthew 25 Ministries, okay?

Miles:      Yes, sir.

Court:      Now, you pay this off.  When you're doing well on probation, I'll terminate you early, okay?

Miles:      Yes, sir.

Court:      I just want to see them made whole.  That's my main objective, okay?

Miles:      Yes, sir.  You said an assessment.  What kind of assessment would you like?

Court:      Well, you've got to go – no assessment.  It's you've got to go to talk to today [sic] Hamilton County Probation, all right?

Miles:      Yes, sir.

Court:      And work through them.  All right.  Good Luck.

{¶4}   The trial court's entry sentenced Miles to 180 days in jail, suspended 179 days, gave credit for one day of time served, and sentenced Miles to 3 years of community control.  Additionally, the entry ordered Miles to pay costs, stay out of Matthew 25 Ministries, participate in treatment and counseling as recommended by probation, and stated, "5K restitution ordered to Matthew 25 Ministries."  Miles now appeals, raising a sole assignment of error that the trial court erred when it ordered Miles to pay $5,000 in restitution.

## Law and Analysis

{¶5}   "An appellate court reviews a trial court's award of restitution in a misdemeanor case for an abuse of discretion." *State v. Guthrie*, 1st Dist. Hamilton No. C-180661, 2020-Ohio-501, ¶ 15, citing *State v. Adams*, 2019-Ohio-3597, 143

N.E.3d 1140, ¶ 14 (1st Dist.); *accord State v. Gordon*, 1st Dist. Hamilton No. C-170660, 2018-Ohio-3786, ¶ 6.

{¶6} R.C. 2929.28(A) provides that a court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction authorized in R.C. 2929.28. Unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau, one of the permissible financial sanctions that a court may impose upon an offender is restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. R.C. 2929.28(A)(1).

> If the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation department that serves the jurisdiction or the clerk of the court on behalf of the victim.

> If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing the property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. * * * If the court decides to impose restitution, the court *shall* hold a hearing on restitution if the offender, victim, or survivor disputes the amount of

restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

(Emphasis added.) R.C. 2929.28(A)(1).

'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, any property loss, medical costs, or funeral expenses incurred as a result of the commission of the offense, and the cost of any accounting or auditing done to determine the extent of the loss if the cost is incurred and payable by the victim. 'Economic loss' does not include non-economic loss or any punitive or exemplary damages.

R.C. 2929.01(L).

{¶7} Restitution is a financial sanction that may be imposed as part of a misdemeanor sentence, unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau. *See* R.C. 2929.28(A)(1). "If the court chooses to impose restitution at sentencing, it must do so in open court at that time, and also hold a hearing on restitution if the offender disputes the amount." *State v. Burns*, 8th Dist. Cuyahoga No. 95465, 2011-Ohio-4230, ¶ 39, citing R.C. 2929.18(A)(1).[1] "A trial court commits reversible error when it fails to impose the amount of restitution in open court during the sentencing hearing." (Citation omitted.) *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶

---

[1] R.C. 2929.18 is the analogous provision for imposition of financial sanctions in felony sentencing. The provisions relevant to this case are substantially similar in both statutes.

69; *accord State v. Russel*, 2d Dist. Montgomery No. 27473, 2018-Ohio-2571, ¶ 19. Additionally, "[a] trial court cannot impose a sentence in the sentencing entry that differs from that it imposed at the sentencing hearing." *State v. Vaugh*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320, ¶ 18.

{¶8}    If the defendant disputes the amount of restitution, the court must hold an evidentiary hearing.  R.C. 2929.28(A)(1); *see State v. Poff*, 5th Dist. Morgan No. 20AP0005, 2021-Ohio-384, ¶ 37, citing *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 3 ("Accordingly, the statute mandates that the court must conduct a hearing if the offender, victim, or survivor disputes the amount.").  "Implicit within the right to a hearing is the fundamental right to due process at the hearing." *State v. Blay*, 10th Dist. Franklin No. 11AP-245, 2012-Ohio-62, ¶ 5, citing *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).  "While the concept of due process may be flexible and amorphous, at a minimum, procedural due process requires an opportunity to be heard." *Id.*, citing *State v. Cowan*, 103 Ohio St.3d 144, 2004-Ohio-4777, 814 N.E.2d 846.  "It is axiomatic that this opportunity to be heard must be granted in a meaningful manner." *Id.*, citing *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

{¶9}    "[A defendant] is entitled to cross-examine adverse witnesses and present [his or] her own evidence in defense of the restitution sought by the State." *Id.*; *accord State v. Benko*, 9th Dist. Lorain Nos. 18CA011388 and 18CA011389, 2019-Ohio-3968, ¶ 10 ("Where the court holds a hearing on restitution the offender has the 'opportunity to cross-examine the witness about the amount of restitution' and challenge the amount recommended by the victim." (Citation omitted.)); *State v. Choate*, 9th Dist. Summit No. 27612, 2015-Ohio-4972, ¶ 41 ("[I]t seems unlikely that

10

an 'evidentiary hearing' would require less than the opportunity to cross-examine witnesses about the amount of restitution." (Citations omitted.)). A trial court abuses its discretion where it denies a defendant a meaningful opportunity to be heard on the issue of restitution. *See Blay* at ¶ 12.

{¶10} Here, Miles requested a hearing on restitution and the trial court responded, "We can do that now." Miles's counsel then argued that there was no evidence of what was taken from the truck or anything to show that the amount taken from the truck would equate to a "gaylord" worth of items. The state then offered to present evidence, in the form of video and testimony, if the court would allow a brief recess for the state to prepare. Instead of granting the recess and allowing Miles an opportunity to challenge the evidence, the trial court spoke directly to Miles and essentially told her that she would need to agree to the restitution if she wanted to be placed on "probation" in lieu of serving jail time.[2] By doing so, the trial court denied Miles a meaningful opportunity to challenge the evidence offered by the state and thereby failed to hold an evidentiary hearing at which Miles was granted a meaningful opportunity to be heard on the issue of restitution.

{¶11} Further, although the trial court discussed restitution during sentencing, it never actually sentenced Miles to pay $5000 in restitution when it pronounced its sentence in open court with Miles present. While it could be inferred from the hearing, the trial court only affirmatively stated that Miles was required to pay $5000 in restitution later in the sentencing entry. The trial court was required to determine and impose a specific amount of restitution at the hearing. *See State ex rel. Winfree v. McDonald*, 147 Ohio St.3d 428, 2016-Ohio-8098, 66 N.E.3d 739, ¶ 12,

---

[2] We note that probation is now community control. *See* R.C. 2929.25.

citing R.C. 2929.18(A)(1) ("[H]ad the trial court elected to correct, rather than omit, the flawed restitution order included in the original judgment entry of conviction, it would have been required to hold a resentencing hearing for the limited purpose of determining and imposing a specific amount of restitution."). Because the trial court failed to impose restitution in open court and denied Miles her right to due process at the evidentiary hearing, we find that the trial court abused its discretion when imposing restitution.

{¶12} The state cites to several cases that hold that a defendant cannot complain about restitution on appeal if he or she agreed to the restitution as part of the plea agreement; however, the record reflects that the plea agreement in this case only concerned the charges and not the sentence. Additionally, the complaint did not allege what property was taken or the value of the property taken. Therefore, neither the restitution nor the amount of loss was agreed to as part of the plea. Consequently, these cases are not applicable to the case at bar. *See State v. Coburn*, 6th Dist. Sandusky No. S-09-006, 2010-Ohio-692, ¶ 8 ("We are also aware that agreement to, or failure to dispute or object to, a restitution amount *when entering a plea pursuant to a plea agreement* has been held to constitute a waiver of the hearing procedures required by R.C. 2929.18(A)(1)." (Emphasis added.)); *State v. McMullen*, 1st Dist. Hamilton No. C-140562, 2015-Ohio-3741, ¶ 5 ("But courts have held that when the defendant *agrees to pay restitution as part of a plea agreement*, the agreement serves as a sufficient basis to support the trial court's order and precludes the defendant from complaint about it on appeal." (Emphasis added.)).

{¶13} The state additionally argues that Miles is prohibited from contesting the restitution on appeal because she ultimately agreed to the restitution. While it could be argued that Miles agreed to the imposition of restitution, she was not

afforded a meaningful opportunity to be heard on the amount of restitution and the record does not affirmatively demonstrate that Miles conceded to the amount of restitution. *See generally State v. Jordan*, 6th Dist. Lucas No. L-19-1165, 2021-Ohio-333, ¶ 10 (distinguishing between a challenge to the *amount* of restitution and a challenge to the imposition of *any* restitution); *accord Coburn* at ¶ 15.

**Conclusion**

**{¶14}** For the foregoing reasons, we sustain Miles's assignment of error, reverse the trial court's order as to the amount of restitution, and remand this cause to the trial court to hold an evidentiary hearing, as required by R.C. 2929.28(A)(1), and to impose an amount of restitution in open court with Miles present.

Judgment reversed and cause remanded.

**BOCK, J.,** concurs.
**MYERS, J.,** dissents.

**MYERS, J., dissenting.**

**{¶15}** Because the record shows that Miles, represented by counsel, ultimately agreed to a restitution amount that was 75 percent lower than the full amount being sought by the victim, I would find that the trial court did not abuse its discretion in entering an order of restitution in this amount.

**{¶16}** As the majority correctly points out, Miles was entitled to a hearing on restitution if she "disputes the amount of restitution." R.C. 2929.28(A)(1). And I agree that Miles initially disputed the restitution amount. The court properly indicated that it was prepared to proceed immediately to the restitution hearing, and it did. The state and the victim explained how the $20,000 was arrived at. Defense counsel then argued that there was no evidence that Miles actually took all of that property. The state then offered to produce additional evidence (a surveillance

13

video) showing how much was taken. The court indicated it was willing to continue the restitution hearing in progress.

{¶17} The court also offered an alternative to continuing the restitution hearing in progress—the victim and Miles agreeing to a reduced restitution amount of $5,000. Miles agreed[3] and her counsel did not object. And there was good reason for Miles to agree to $5,000 (25 percent of the amount sought) instead of continuing the hearing in progress. First, the video may have conclusively established that Miles took $20,000 worth of property. Or, the video may have been inconclusive, leaving the trial court to rely on testimony of the victim—testimony that may have led the court to impose $20,000 of restitution. As the majority recognizes, the statute permits the court to base the amount of restitution on the recommendation of the victim, if supported by a preponderance of the evidence. R.C. 2929.28(A)(1). Second, perhaps Miles knew that she had no evidence to counter the victim's explanation of what was taken, subjecting her to a potential $20,000 restitution order. Third, perhaps she wanted to be sentenced that day, and not have to continue the case for sentencing, and in return was willing to agree to a reduced restitution.

{¶18} Surely, no one would argue that Miles isn't free to stipulate/agree to a restitution amount at a restitution hearing. And she could do this before the hearing or during the hearing. That is what happened here. The court did begin the restitution hearing. And it was willing to continue it for the state to bring additional evidence. When Miles and the victim were willing to agree to $5,000, the court imposed this amount of restitution. I would hold that the court did not abuse its discretion.

---

[3] While the record could have been clearer, a fair reading of the transcript shows that both the victim and Miles ultimately agreed to conclude the case that day, both agreeing to $5,000.

{¶19} Finally, I point out that when the cause is remanded for a new evidentiary hearing, nothing prevents the state from pursuing full restitution on behalf of the victim. And nothing prevents the court from imposing restitution of $20,000 if established under R.C. 2929.28(A)(1).

{¶20} As to the argument that the trial court failed to announce the amount of restitution in open court with the defendant present, a fair reading of the transcript indicates that the court did, in fact, impose restitution in open court in the amount of $5,000. I acknowledge that the trial court could have been clearer in its pronouncement. But a reading of the discussion at sentencing quoted above by the majority shows that the trial court, the victim, and Miles all understood that the court was imposing the reduced amount of $5,000 restitution.

{¶21} Under these circumstances, I find no abuse of discretion in the trial court's award of restitution.

Please note:

The court has recorded its own entry this date.