[Cite as *State v. Hawkins*, 2025-Ohio-459.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :

                                  No. 113996

    v.                                              :

FREDERICK HAWKINS,                          :

    Defendant-Appellant.                  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 13, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-681245-A and CR-23-680401-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Krystal Hyojong Lee, Assistant Prosecuting Attorney, *for appellant.*

Judith M. Kowalski, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} In this delayed appeal, defendant-appellant, Frederick Hawkins ("Hawkins"), appeals the imposition of GPS monitoring in sentencing entries from July 2023. Upon review, we affirm.

## I.  Facts and Procedural History

{¶ 2} In April 2023, Hawkins was indicted in a three-count indictment. Counts 1 and 2 charged Hawkins with felonious assault in violation of R.C. 2903.11(A)(1) and (2), respectfully, second-degree felonies, and Count 3 charged him with domestic violence, a first-degree misdemeanor. *See State v. Hawkins*, Cuyahoga C.P. No. CR-23-680401-A ("April Case"). In May 2023, Hawkins was indicted in a two-count indictment, involving the same victim. Count 1 charged Hawkins with aggravated burglary, a first-degree felony, and Count 2 charged him with domestic violence, a first-degree misdemeanor. *See State v. Hawkins*, Cuyahoga C.P. No. CR-23-681245-A ("May Case"). Hawkins pleaded not guilty in both cases.

{¶ 3} In July 2023, change-of-plea and sentencing hearings were held in the April and May Cases. In the April Case, Hawkins pleaded guilty to attempted felonious assault, a third-degree felony, as amended in Count 1 of the indictment. Counts 2 and 3 were nolled. In the May Case, Hawkins pleaded guilty to burglary, a fourth-degree felony, as amended in Count 1 of the indictment, and domestic violence, as charged in Count 2. Sentencing immediately followed.

{¶ 4} During the sentencing hearing, the State advised that the victim requested that Hawkins be placed in inpatient treatment or outpatient treatment with an ankle monitor "so that the victim is safe to move on with her life while he is getting treatment." (07/18/23, tr. 19.) The trial court sentenced Hawkins to "two years of community control on each count on each case under the supervision of the

adult probation department's mental health and development mental disabilities unit." *Id.* at 23. After the trial court advised Hawkins of the details of his sentence, the State inquired about GPS monitoring. The trial court advised:

> With my entry that I have in here, I am ordering an updated TASC assessment. I will order substance abuse treatment if it is warranted. I am ordering mental health release planning with the housing component and services. If [Hawkins] is released, I would consider [the case manager/reintegration planner] coming back and requesting the GPS. That would be an inclusion/exclusion zone for that time period. I'll include that in my entry. If [Hawkins] goes to inpatient treatment, then the order might be different.

*Id.* at 26.

{¶ 5} The trial court's subsequent sentencing entries imposed "two years of community control on each count, under the supervision of the adult probation department's mental health/developmental disabilities unit" and enumerated specific conditions of Hawkins's sentence. (Sentencing Entries, 07/18/23.) The sentencing entries further stated: "[Hawkins] to have GPS monitor [w]ith an inclusion/exclusion zone . . . with no contact with the victim of the offense if he is released . . . . If [Hawkins] is attending inpatient treatment, the court will review the GPS request[.]" *Id.*

**{¶ 6}** In May 2024, Hawkins filed a notice of appeal of the July 18, 2023 sentencing entries[1] along with a motion for leave to file a delayed appeal.[2] This court granted Hawkins's motion. Hawkins raises two assignments of error for review in his delayed appeal.

**Assignment of Error No. 1**

[Hawkins's] sentence was contrary to law because the trial court failed to notify him of the length of time he would be subject to GPS monitoring in open court and on the record at the sentencing hearing; therefore, the sentence imposed was outside his presence in violation of Crim.R. 43(A)(1).

**Assignment of Error No. 2**

The sentence imposed on [Hawkins] was contrary to law and therefore subject to modification or vacation pursuant to R.C. 2953.08(G)(2).

---

[1]In December 2023, Hawkins timely appealed sentencing entries from November 2023 stemming from a community-control-violation hearing. On May 20, 2024, that appeal was dismissed under a combination of App.R. 12(A)(1) and 3(D). In response, Hawkins filed a separate motion for leave to file a delayed appeal from the November 2023 sentencing entries. On May 31, 2024, this court denied Hawkins's motion, noting instructions to separately file a delayed appeal according to App.R. 5(A)(2) of the July 2023 sentencing entries. *See State v. Hawkins*, 8th Dist. Cuyahoga No. 113427. This appeal does not contemplate the November 2023 sentencing entries or Hawkins's community-control violation.

[2] Pursuant to App.R. 5(A), an appeal from a criminal proceeding may be taken by a defendant after the expiration of the thirty-day notice-of-appeal filing deadline with leave of the appellate court. A delayed appeal is a direct appeal: "'[o]nce granted, a delayed appeal proceeds as any timely appeal would proceed, and the assertion of error is virtually the same as it would have been but for the delayed filing.'" *State v. Dudas*, 2024-Ohio-775, ¶ 11, 15, quoting *State v. Silsby*, 2008-Ohio-3834, ¶ 14.

## II. Law and Analysis

{¶ 7} In his assignments of error, Hawkins argues that this court must modify or vacate his sentence pursuant to R.C. 2953.08(G)(2)(b) because the trial court failed to state the length of time GPS monitoring would be imposed at the sentencing hearing in violation of Crim.R. 43(A)(1).

{¶ 8} "A defendant has a fundamental right to be present at all critical stages of his or her criminal trial." *State v. Anderson*, 2024-Ohio-843, ¶ 25 (8th Dist.), citing U.S. Const., amend. V, VI, and XIV, Ohio Const. art I, § 10, and Crim.R. 43(A). Crim.R. 43(A)(1) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including . . . the imposition of sentence . . . ." Thus, a trial court cannot impose a sentence in a sentencing entry that differs from the sentence imposed at the sentencing hearing. *State v. Sandidge*, 2020-Ohio-1629, ¶ 6 (8th Dist.), citing *State v. Vaughn*, 2016-Ohio-3320, ¶ 18 (8th Dist.); *State v. Santiago*, 2015-Ohio-1824, ¶ 18 (8th Dist.), quoting *State v. Culver*, 2005-Ohio-1359 (2d Dist.) ("A trial court errs when it issues a judgment entry imposing a sentence that differs from the sentence pronounced in the defendant's presence.").

{¶ 9} Here, Hawkins argues that his sentence is contrary to Crim.R. 43(A)(1) because the July 18, 2023 sentencing entries imposed GPS monitoring despite the trial court's alleged failure to inform him of the length of time he would be subject to monitoring at the sentencing hearing. Hawkins cites *State v. Szafranski*, 2019-Ohio-4349 (8th Dist.), in support of his argument. There, the trial court advised at the sentencing hearing that Szafranski would be subject to community-control

sanctions and GPS monitoring but never stated the length of time he would be subject to either community control or GPS monitoring in open court and on the record. *Id*. at ¶ 76. The sentencing entry imposed five years of community-control sanctions and GPS monitoring "until further order of the court." This court held that Szafranski's sentence was contrary to law, finding that because the court failed to notify Szafranski of these facts on the record at the sentencing hearing, the sentence set forth in the sentencing entry was imposed outside of his presence in violation of Crim.R. 43(A)(1), the U.S. Constitution, and the Ohio Constitution. *Id.*

{¶ 10} *Szafranski* is clearly distinguishable. Here, the trial court advised Hawkins at the sentencing hearing that it was imposing "two years of community control on each count on each case" and that GPS monitoring "would be an inclusion/exclusion zone for that time period." Thus, the trial court informed Hawkins of the length of time he would be subject to both community control and GPS monitoring in open court and on the record during the sentencing hearing. The July 18, 2023 sentencing entries mirror the sentencing hearing, imposing "two years of community control on each count" and ordering "[Hawkins] to have GPS monitor [w]ith an inclusion/exclusion zone . . . with no contact with the victim of the offense if he is released." Accordingly, we cannot say that Hawkins's sentence is contrary to Crim.R. 43(A)(1).

**{¶ 11}** Because we decline to find that Hawkins's sentence is contrary to law, the sentence imposed is not subject to modification or vacation pursuant to R.C. 2953.08(G)(2)(b).[3] Accordingly, Hawkins's assignments of error are overruled.

**{¶ 12}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

[3] R.C. 2953.08(G)(2)(b) provides that an appellate court may modify or vacate a sentence and remand the matter to the sentencing court for resentencing "if it clearly and convincingly finds . . . [t]hat the sentence is otherwise contrary to law."