DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Jennifer Esterle has appealed from her sentence in the Medina County Court of Common Pleas. This Court reverses.
 I {¶ 2} On May 19, 2005, Appellant was indicted on one count of theft in violation of R.C. 2913.02(A)(1), a fourth degree felony. The indictment against Appellant arose from her misuse of funds of her homeowners' association while she served as its treasurer. On November 3, 2005, Appellant pled guilty to the sole count in the indictment. The trial court ordered a presentence investigation report and held a sentencing hearing on December 20, 2005. *Page 2 
 {¶ 3} At the sentencing hearing, the trial court heard from several of the victims of Appellant's theft. One of those residents estimated that Appellant had taken roughly $60,000 from the association. The presentence investigation report, however, indicated that local law enforcement could verify only $40,300 in stolen funds. The trial court then sentenced Appellant to 180 days in jail, fined her $5,000, and ordered her to pay restitution in the amount of $60,000. Appellant has timely appealed her sentence, raising two assignments of error for review. For ease of analysis, we have consolidated Appellant's assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED BY FAILING TO ESTABLISH THE AMOUNT OF RESTITUTION TO A REASONABLE DEGREE OF CERTAINTY AS THE AMOUNT OF LOSS ACTUALLY CAUSED BY THE APPELLANT."
 Assignment of Error Number Two "THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING FOR THE PURPOSE OF DETERMINING RESTITUTION THEREBY FAILING TO SATISFY THE REQUIREMENTS OF DUE PROCESS."
 {¶ 4} In both of her assignments of error, Appellant has argued that the trial court erred in ordering her to pay restitution in the amount of $60,000. Specifically, Appellant has asserted that the trial court had no evidence before it to support an award in that amount. This Court agrees. *Page 3 
 {¶ 5} R.C. 2929.18(A)(1) grants a trial court authority to order restitution by an offender to a victim in an amount commensurate with the victim's economic loss. A trial court may determine the amount of restitution by reviewing the record, or if the evidence in the record is insufficient, the court must conduct an evidentiary hearing. See, e.g.,State v. Montes (1993), 92 Ohio App.3d 539 (victim testified as to value of stolen vehicle during trial); State v. Brumback (1996),109 Ohio App.3d 65, 83. Furthermore, the amount of restitution must be established to a reasonable degree of certainty through competent, credible evidence. State v. Warner (1990), 55 Ohio St.3d 31, 69;State v. Williams (1986), 34 Ohio App.3d 33, 34. This Court reviews the trial court's award of restitution under an abuse of discretion standard. State v. Myers, 9th Dist. No. 06CA0003, 2006-Ohio-5958, at ¶ 12. Under this standard, a trial court abuses its discretion by "ordering restitution in an amount which had not been determined to bear a reasonable relationship to the actual losses suffered."Williams, 33 Ohio App.3d at 35.
 {¶ 6} In the instant matter, the presentence investigation report indicates that the victims were able to verify that Appellant diverted funds in the amount of $40,300. The victims were unable to verify the theft of any other funds. The sole "evidence" in support of the trial court's order of restitution in the amount of $60,000 was the unsworn statement of a member of the association who stated as follows: *Page 4 
 "So we had no records to document any more than what we have documented. But I'll tell you, it's over and above forty thousand dollars, closer to sixty."
 {¶ 7} We agree with Appellant that this unsworn statement is not competent, credible evidence of the losses caused by her theft. The record contains competent, credible evidence of losses totaling $40,300. The $60,000 number given during Appellant's sentencing hearing is an unsupported estimation of possible, unproven losses. Such an estimate cannot form the basis of an award of restitution. See Williams,33 Ohio App.3d at 34. Like the Williams Court, we do not dispute that the victims herein suffered substantial economic losses due to Appellant's criminal act. However, there is no competent, credible evidence in the record to support an order of restitution in the amount of $60,000. As noted above, we do not conclude that the trial court cannot order restitution. We only find that the current amount awarded is not supported by the record. Accordingly, Appellant's assignments of error have merit.
 III {¶ 8} Appellant's assignments of error are sustained. The judgment of the Medina County Court of Common Pleas which ordered Appellant to pay restitution in the amount of $60,000 is reversed and the cause remanded for further proceedings consistent with this opinion.
 Judgment reversed, and cause remanded. *Page 5 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
 MOORE, J., DICKINSON, J. CONCUR *Page 1