[Cite as *State v. Williams*, 2021-Ohio-2814.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- v -<br><br>THOMAS E. WILLIAMS,<br><br>Defendant-Appellant. | CASE NO. 2020-L-111<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2020 CR 000668 |

## O P I N I O N

Decided: August 16, 2021
Judgment: Reversed and remanded

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Thomas E. Williams ("Mr. Williams"), appeals the judgment of the Lake County Court of Common Pleas, which convicted him for attempted receiving stolen property and operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them ("OVI"). As part of his sentence, the trial court imposed a restitution order without holding a hearing as required by R.C. 2929.18(A)(1) after defense counsel objected to the amount.

{¶2} Mr. Williams raises two assignments of error, contending that the trial court's failure to hold a restitution hearing rendered its restitution order (1) contrary to law and (2) constitutes plain error.

{¶3} After a careful review of the record and pertinent law, we find Mr. Williams's first assignment of error has merit since the trial court was statutorily required to hold a hearing on the amount of restitution after defense counsel objected. Because we find the trial court's restitution order is contrary to law, Mr. Williams's second assignment of error, i.e., whether the trial court's failure to hold a restitution hearing constitutes plain error, is moot.

{¶4} The judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

**Substantive and Procedural Facts**

{¶5} After being bound over from the Willoughby Municipal Court, Mr. Williams waived presentation to the grand jury and entered guilty pleas by way of information in the Lake County Court of Common Pleas to two counts: (1) attempted receiving stolen property, a fifth-degree felony, in violation of R.C. 2913.51 and R.C. 2923.02, and (2) OVI, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a).

{¶6} The prosecutor stated the facts of the case for the record at the plea hearing, as follows:

{¶7} On July 22, 2020, in Wickliffe, Ohio, officers responded to a report that a car failed to make a turn on Interstate 90 and went down the embankment. The officer who arrived at the scene observed Mr. Williams, the driver, get out of the crashed vehicle and immediately noticed a strong odor of alcohol. He radioed dispatch the license plate

2

number. Dispatch reported that the vehicle was stolen from Maple Heights, Ohio, and belonged to Passion Longmire-Ware ("Ms. Longmire-Ware"), the victim and Mr. Williams's mother. Mr. Williams was transported to Lake West Hospital, where he consented to a blood draw that revealed a .242 blood alcohol concentration.

{¶8} The trial court accepted Mr. Williams's guilty plea and deferred sentencing for a presentence investigation and report ("PSI"), a victim impact statement, and a psychological evaluation.

{¶9} At the sentencing hearing, as relevant to this appeal, the prosecutor asked the court to order restitution to the victim in the amount of $7,410, as indicated on the victim impact statement that was submitted to the court. At that point in the proceedings, the trial court asked the prosecutor, "Do you have a victim impact statement?" The prosecutors replied, "I believe a victim impact statement was submitted to the Court." The trial court responded, "I don't have one."

{¶10} After sentencing Mr. Williams to a six-month prison term on count one and a concurrent, three-day jail term on count two, the trial court imposed a restitution order in the amount of $7,410 to be paid to Ms. Longmire-Ware.

{¶11} Defense counsel immediately objected to the amount of restitution, arguing that no receipts or other evidence of Ms. Longmire-Ware's expenses were submitted into evidence. In response, the court asked Mr. Williams whether he took Ms. Longmire-Ware's car and destroyed it without her knowledge. After Mr. Williams affirmatively responded, the court proceeded to address the terms of his post-release control.

{¶12} The sentencing judgment entry states that the court determined Mr. Williams is able to pay a financial sanction of restitution and ordered him to pay Ms.

3

Longmire-Ware the sum of $7,410 as the amount of her economic loss that resulted from his crime.

{¶13} Mr. Williams now appeals, raising two assignments of error for our review:

{¶14} "[1.] The trial court's order that Mr. Williams pay restitution was contrary to law.

{¶15} "[2.] The trial court committed plain error when it ordered restitution, without holding a restitution hearing."

## Standard of Review

{¶16} This court reviews restitution orders pursuant to R.C. 2953.08(G)(2). *State v. Ciresi*, 2020-Ohio-5305, 162 N.E.3d 846, ¶ 5 (11th Dist.). That provision states:

{¶17} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶18} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶19} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶20} "(b) That the sentence is otherwise contrary to law."

4

Case No. 2020-L-111

{¶21} Here, none of the sections referenced in R.C. 2953.08(G)(2)(a) apply. Thus, our review is limited to determining whether we clearly and convincingly find that the restitution order is otherwise contrary to law. *Ciresi* at ¶ 10.

**Restitution Hearing**

{¶22} R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate the victim for economic loss. The statute also provides procedures for determining the amount of restitution ordered:

{¶23} "If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. * * * If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender."

{¶24} At the sentencing hearing, the trial court based the amount of restitution on the prosecutor's recommendation that was taken from the amounts Ms. Longmire-Ware listed on her victim impact statement. Ms. Longmire-Ware's victim impact statement is also included in the record, with an itemized list of property loss and damage: prescription eyewear, $300; umbrella – new, $30; leather jacket, $200; leather boots, $100; sweater,

5

$50; sunglasses, $30; and "my car," $6,700; for a total loss of $7,410.  No losses were covered by insurance, and she received no benefits from Ohio Victims of Crime (Ohio's victim reparation fund).

{¶25}  Although the trial court may "base the amount of restitution it orders on an amount recommended by the victim," once Mr. Williams's counsel objected to the amount, and particularly when the trial court stated it did not have the victim's statement, the trial court was statutorily obligated to hold a separate hearing to resolve the dispute. Moreover, the victim was not present at the hearing to offer testimony regarding restitution.

{¶26}  Based upon the specifics of the objection, a short recess most likely would have sufficed – revealing the itemized property loss as listed on the victim impact statement and confirming there were no payments from insurance or the victim reparations fund.  Here, the trial court did not address defense counsel's objection and instead simply inquired whether Mr. Williams admitted to committing the crime.

{¶27}  Even with what can be considered competent, credible evidence of Ms. Longmire-Ware's economic loss in the record, we cannot call this harmless error.  A hearing is statutorily mandated "if the offender * * * disputes the amount."  R.C. 2929.18(A)(1); *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 23; *State v. Blay*, 10th Dist. Franklin No. 10AP-247, 2010-Ohio-4749, ¶ 12 (Because counsel for appellant specifically disputed the amount of restitution, the trial court was required to hold an evidentiary hearing to determine the appropriate amount, and the failure to do so was reversible error).

Case No. 2020-L-111

{¶28} We also disagree with the state's argument that a restitution hearing was not necessary because Mr. Williams was afforded an opportunity to be heard at the sentencing hearing, and further, that the order was based on competent, credible evidence.

{¶29} The circumstances of the sentencing hearing contradict the state's argument. The PSI did not contain any reference to restitution or the amount of restitution, and Mr. Williams was prohibited from viewing the victim impact statement pursuant to the Lake County Court of Common Pleas's Loc.R. 8.06, which provides:

{¶30} "Presentence reports, drug and alcohol evaluations, sexual offender evaluations, psychological or psychiatric examinations and evaluations, and any other report or report of examinations for purposes of sentencing, expungement, intervention in lieu of conviction, first offender's program, certificate of qualification for employment, competency, sanity, or civil commitment, may be viewed and read by a defendant and his or her counsel of record, or an attorney-designee of counsel of record, in preparation for a hearing involving that defendant. These documents are not public records. No copies, photocopies, images, or other reproduction may be made of any portion of the documents. *A Victim Impact Statement and Adult Probation Department recommendation shall not be exhibited to, or viewed or read by, the defendant or counsel. For any violation of this rule, the court will be notified and the court will take appropriate disciplinary action.*" (Emphasis added.)

{¶31} Thus, without any prior notice and with no ability to challenge or view the evidence of restitution, we cannot consider the discussion of restitution at the sentencing hearing to constitute a restitution hearing pursuant to R.C. 2929.18 at which Mr. Williams

7

had an opportunity to dispute the amount and the evidence. In *State v. Raines*, 2015-Ohio-5089, 53 N.E.3d 893 (10th Dist.), the Tenth District disagreed with this argument, remarking that a restitution hearing "is required pursuant to R.C. 2929.18(A)(1) upon the objection of the victim, offender, or survivor, as is the case here." *Id.* at ¶ 11.

{¶32} Since we find merit in Mr. Williams's argument that the restitution order in this case is contrary to law and reverse and remand on that basis, Mr. Williams's second assignment of error, i.e., whether the trial court's failure to hold a restitution hearing also constitutes plain error, is moot.

{¶33} The judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

Case No. 2020-L-111