[Cite as *State v. Trost*, 2023-Ohio-3127.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2023-L-012** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| SAMUEL TROST, JR., | |
| Defendant-Appellant. | Trial Court No. 2022 CR 001185 |

**O P I N I O N**

Decided: September 5, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Jamie R. Eck*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Samuel Trost Jr., appeals the trial court's restitution order. For the reasons set forth below, the judgment of the Lake County Court of Common Pleas is affirmed.

{¶2} On November 10, 2022, the Lake County Grand Jury indicted Trost for Aggravated Arson, a felony of the second degree in violation of R.C 2909.02(A)(2). Trost entered a plea of guilty to the charge as indicted on December 1, 2022. The trial court accepted Trost's guilty plea, and a pre-sentence investigation was ordered.

**{¶3}** As this case resulted in a plea, there are limited facts as to the underlying offense. Those limited facts are as follows:

**{¶4}** At the time of the fire, Khalid Griffin, the owner of residential property located at 27700 White Road, was renting separate rooms of the residence to at least two individuals. One of those individuals was Trost. For reasons unclear from the record before us, Griffin had asked Trost to leave the property and move out on May 7, 2022. Trost responded by setting fire to a mattress or bed that was located in an upstairs room above a garage. Trost also attempted to set fire to another area of the property but was unsuccessful. The fire spread and consumed the second floor of the house. The property was heavily damaged.

**{¶5}** A sentencing hearing was held on January 4, 2023. During the sentencing hearing, Griffin provided a victim impact statement and testimony regarding the amount of restitution. According to Griffin, insurance covered a portion of the expenses to repair the damaged property after the fire. He informed the trial court that he personally spent an additional $60,000.00 on repairs that were not covered by insurance. Griffin did not provide the amount he received by the insurance company and did not provide receipts or an itemized list of his personal expenditures.

**{¶6}** The trial court sentenced Trost to imprisonment for a minimum term of four (4) years with a maximum term of six (6) years and notified Trost of his duty to register as an arson offender. The trial court also ordered Trost to pay restitution in the amount of $60,000.00. Trost objected to the restitution order.

2

{¶7} Trost timely appeals and raises the following assignment of error:

{¶8} "The trial court erred by sentencing the defendant appellant to pay restitution to the victim in an amount that was unsupported by the record and thus, contrary to law."

{¶9} Appellate courts review felony restitution orders pursuant to R.C. 2953.08(G)(2). *State v. Williams*, 11th Dist. Lake No. 2020-L-111, 2021-Ohio-2814, ¶ 16.

{¶10} For purposes of this appeal, our standard of review, under R.C. 2953.08(G)(2), provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * that the sentence is otherwise contrary to law.

> R.C. 2953.08(G)(2)(b).

{¶11} This Court, in conducting that analysis, must review the record, including the findings underlying the sentence * * *." *Williams, supra at* ¶ 17.

{¶12} In his sole assignment of error, Trost asserts that the amount of restitution ordered by the trial court is unsupported by the record. We disagree.

{¶13} R.C. 2929.18(A)(1) provides that financial sanctions for a felony may include: "Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution. * * * the amount the court orders as restitution shall not exceed the

3

amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."

{¶14} "'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." R.C. 2929.01(L).

{¶15} Trost contends that the record does not support the amount of restitution ordered. He argues that Griffin's statements regarding his out-of-pocket expenses are insufficient to determine the amount of restitution owed without providing additional documentation.

{¶16} When reviewing orders of restitution, appellate courts review the record to determine whether or not "the amount of the restitution [is] supported by competent, credible evidence * * * from which the court can discern the amount of the restitution to a reasonable degree of certainty." *State v. Smith,* 11th Dist. Portage No. 2021-P-0073, 2023-Ohio-126, 206 N.E.3d 138, ¶ 19.

{¶17} A "victim may establish the loss through documentary evidence or testimony. No absolute requirement exists that the victim demonstrate the loss through documentary evidence." *State v. Morgan*, 11th Dist. Lake No. 2005-L-135, 2006-Ohio-4166, ¶ 30 quoting *In re Hatfield*, 4th Dist. Lawrence No. 03CA14, 2003-Ohio-5404, ¶ 9.

{¶18} The record before us establishes that the property was valued at $480,000.00. Griffin testified that the property sustained extensive damage to the roof, second floor, and basement because of the fire. The extensive damage is further noted in the presentence investigation. Griffin testified that insurance covered some of the damages to the property but did not provide an amount. Griffin indicated that he had spent

4

$60,000.00 on framing, roofing, electrical, HVAC and other materials to make repairs to the property, in addition to the percentage received from the insurance company.

{¶19} A trial court, when determining the amount of economic loss suffered by a victim, must consider any offset of the victim's loss by amounts received from an insurer. *State v. Laudermilk*, 11th Dist. Portage No. 2021-P-0054, 2022-Ohio-659, ¶ 52 *citing State v. Johnson*, 4th Dist. Washington No. 03CA11, 2004-Ohio-2236, ¶ 11.

{¶20} Griffin testified that his out-of-pocket expenses were in addition to the amount covered by the insurance company. While additional documentation may be desired by appellant, we cannot clearly and convincingly find that the restitution order was unsupported by the record or otherwise contrary to law. The trial court found Griffin's testimony to be credible, and we will not second-guess its credibility determination. See, e.g., *State v. Williams*, 99 Ohio St.3d 435, 2003–Ohio–4164, 793 N.E.2d 449, at ¶ 36. As such, the trial court's restitution order was appropriate.

{¶21} Accordingly, appellant's sole assignment of error lacks merit.

{¶22} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

5

Case No. 2023-L-012