**[Cite as *State v. Reynoso*, 2025-Ohio-3119.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,
CITY OF PAINESVILLE,

        Plaintiff-Appellee,

- vs -

JUAN EDUARDO REYNOSO,

        Defendant-Appellant.

CASE NOS. 2025-L-019
2025-L-020

Criminal Appeals from the
Painesville Municipal Court

Trial Court Nos. 2024 TRD 04258 A
2024 TRD 04258 B

---

## OPINION AND JUDGMENT ENTRY

Decided: September 2, 2025
Judgment: Reversed and remanded

---

*Joseph D. Hada*, Painesville City Prosecutor, 1392 SOM Center Road, Mayfield Heights, OH 44124 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Paul J. Lubonovic*, Assistant Public Defender, 100 West Erie Street, Suite 50, Painesville, OH 44077 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Juan Eduardo Reynoso, appeals the judgment of the Painesville Municipal Court. Mr. Reynoso challenges the trial court's restitution award. We reverse the judgment of the trial court and remand the matter for additional proceedings.

{¶2} Mr. Reynoso was originally charged with failing to stop after an accident, in violation of R.C. 4549.02(A)(1), a misdemeanor of the first degree. He ultimately pleaded guilty to an amended charge of reckless operation of a motor vehicle under R.C. 4511.20(A), a misdemeanor of the fourth degree.

{¶3}     At a combined sentencing and restitution hearing, Mr. Reynoso appeared with counsel. The victim and the State did not appear, but a victim's advocate was present. The advocate possessed various receipts which the victim had submitted as proof of her alleged economic losses. The receipts purportedly related to rental vehicles which she maintained were necessary due to the accident at issue. Some of the receipts appeared to conflict and, as a result, the victim was contacted by the court via telephone. The victim made various statements to the court and responded to the court's questions. The victim, however, was never sworn in and therefore her observations were not made under oath.

{¶4}     The victim explained to the court that, at the time of the accident, she drove a 2004 Chevy Malibu. She represented that the vehicle was totaled due to the accident. The Painesville Police impounded the vehicle, but her insurer did not look at the vehicle or appraise the damage because she only possessed liability insurance. The victim accordingly did not offer an estimate of the value of the vehicle prior to the accident. Further, no estimate regarding the vehicle's repair was offered during the conversation with the court.

{¶5}     According to the victim, following the accident, she used a combination of rental vehicles, ride-share apps, and public transportation. She stated that her rental fees were over $3,000 because she had to rent vehicles through a "third party." She claimed this was because she did not possess an Ohio license and did not have a major credit card. The trial court reviewed the receipts provided by the victim's advocate, but they were not submitted as exhibits and therefore were not made part of the record.

Case Nos. 2025-L-019 and 2025-L-020

{¶6} Based upon the receipts, the court stated it had "a restitution amount of . . . $4,918.66."[1] The trial judge asked Mr. Reynoso's counsel her thoughts on the amount. Defense counsel contested the claimed losses stating the restitution amount should be the cost of the damage to the victim's vehicle, for which there was no figure. The trial court did not disagree with counsel's observation but stated the only number it possessed was the amount provided in the receipts for the rental vehicles the victim used. The trial court proceeded to order Mr. Reynoso to pay $4,916.66. Counsel for Mr. Reynoso again objected. The court acknowledged the objection but observed that it was required to place the victim "back in the same position" she was prior to the accident.

{¶7} Mr. Reynoso now appeals the order of restitution, assigning the following as error:

{¶8} "The trial court erred when it entered a restitution order in the amount of $4,916.66."

{¶9} We generally review an order of restitution for an abuse of discretion. *State v. Flanagan*, 2015-Ohio-5528, ¶ 42 (11th Dist.). "The term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record." *Id.*, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may occur when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." (Citation omitted.) *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.).

{¶10} Moreover, "'the amount of restitution must be supported by competent, credible evidence from which the court can discern the amount of restitution to a

---

1. The total value of the receipts discussed on record is $4,918.66. The trial court's final calculation in its sentencing entry was $4,916.66.

Case Nos. 2025-L-019 and 2025-L-020

reasonable degree of certainty.'" *State v. Palmer*, 2024-Ohio-1445, ¶ 17 (1st Dist.), quoting *State v. Betley*, 2018-Ohio-2516, ¶ 13 (8th Dist.). "'A trial court abuses its discretion in ordering an amount of restitution that is not supported by such evidence.'" *Palmer* at ¶ 17, quoting *Betley* at ¶ 13.

{¶11} In misdemeanor cases, a trial court may impose "restitution by the offender to the victim of the offender's crime or the victim's estate, in an amount based on the victim's economic loss." R.C. 2929.28(A)(1). "The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *Id.*

{¶12} The amount of restitution cannot be based on speculation. *State v. McClain*, 2010-Ohio-6413, ¶ 43-44 (5th Dist.). Instead, the trial court must "hear evidence on, and determine, the appropriate amount owed" at an evidentiary hearing. *State v. Preztak*, 2009-Ohio-621, ¶ 37 (8th Dist.). "At the restitution hearing, the victim or survivor has the burden to prove *by a preponderance of the evidence* the amount of restitution sought from the offender." (Emphasis added.) *Cleveland v. Rushton*, 2020-Ohio-1281, ¶ 37 (8th Dist.), citing R.C. 2929.28(A)(1).

{¶13} The evidence supporting a restitution order can be either documentary or testimonial evidence. *State v. DeJoy,* 2011-Ohio-2745, ¶ 33 (10th Dist.), citing *State v. Holt,* 2011-Ohio-1582 (8th Dist.). A victim's testimony alone is sufficient to establish economic loss for a restitution order. *State v. Jones*, 2014-Ohio-3740, ¶ 24 (10th Dist.), citing *State v. Policaro,* 2007-Ohio-1469 (10th Dist.). "A trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates

Case Nos. 2025-L-019 and 2025-L-020

or receiving indicating the cost of repairing or replacing property, and other information. . .

." *State v. Lalain*, 2013-Ohio-3093, ¶ 27.

{¶14} R.C. 2929.01(L) defines "economic loss" as:

> [A]ny economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense, and the cost of any accounting or auditing done to determine the extent of loss if the cost is incurred and payable by the victim. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

{¶15} The "economic loss," for purposes of restitution, must be a direct and proximate result of the commission of the offense. A "direct result" is that which the offense caused in fact, i.e., the loss would not have occurred "but for" the offending conduct. *State v. Smith*, 2023-Ohio-126, ¶ 14 (11th Dist.), citing *State v. McNear*, 2020-Ohio-4686, ¶ 8 (1st Dist.). "[T]he proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred." *Aiken v. Indus. Comm.*, 143 Ohio St. 113, 117 (1944).

{¶16} Under his assignment of error, Mr. Reynoso argues that criminal restitution must be calculated based upon the economic loss proximately caused by the commission of the offense. It is accordingly limited to only foreseeable losses. The trial court, however, based its order on rental fees that the victim accrued between the accident and the sentencing hearing. Mr. Reynoso maintains that the restitution order did not reasonably relate to the economic loss proximately caused by the commission of the offense. He

Case Nos. 2025-L-019 and 2025-L-020

therefore contends the trial court abused its discretion in ordering him to pay $4916.66 in restitution.

{¶17}   While Mr. Reynoso's argument presents intriguing challenges to the merits of the trial court's judgment, we are unable to address the substance of his points. As noted above, a trial court's award of restitution must be supported by *competent evidence*. *Palmer*, 2024-Ohio-1445, at ¶ 17 (1st Dist.). Further, the individual seeking restitution must establish by a preponderance of the *evidence* that he or she is entitled to the amount sought. Additionally, during an *evidentiary hearing*, a trial court must hear *evidence* in order to determine an appropriate amount of restitution. *Preztak*, 2009-Ohio-621, at ¶ 37 (8th Dist.).

{¶18}   In this matter, the victim gave statements to the trial court telephonically, but was never sworn in. Unsworn statements are not evidence. *See State v. Esterle*, 2007-Ohio-1350, ¶ 7 (9th Dist.) (an unsworn statement in a restitution hearing is not competent evidence of losses); *see also In re O.G.H.*, 2023-Ohio-1555, ¶ 23 (5th Dist.) (unsworn statements do not constitute evidence); *Paasewe v. Wendy Thomas 5 Ltd.*, 2009-Ohio-6852, ¶ 22 (10th Dist.), quoting *Poorman v. Ohio Adult Parole Auth.*, 2002-Ohio-1059 (4th Dist.) ("[U]nsworn statements . . . do not constitute evidence . . . ."); *State v. Gau*, 2008-Ohio-6988, ¶ 14 (11th Dist.) ("An unsworn letter is not evidence."); *State v. Mayfield*, 2004-Ohio-3440, ¶ 18 (O'Donnell, J., dissenting) (unsworn statements are not evidence).

{¶19}   Although a victim's *testimony* may suffice to establish economic loss to support a restitution order, the victim in this matter did not offer "testimony." Her statements were unsworn and therefore not competent evidence.

Case Nos. 2025-L-019 and 2025-L-020

{¶20} Furthermore, it is unclear that the receipts upon which the trial court purportedly based its ruling would support the restitution order. The receipts were not formally admitted as exhibits into the record and are not reviewable. In effect, the receipts are not "record evidence."

{¶21} In *Esterle*, 2007-Ohio-1350 (9th Dist.), the defendant was indicted for misuse of funds from her homeowners' association while she was serving as treasurer. *Id.* at ¶ 2. She pleaded guilty to the indictment and the trial court ordered a presentence investigation report. *Id.* At the sentencing hearing, one of the residents/victims of the theft estimated the defendant had taken $60,000 from the association. *Id.* at ¶ 3. The presentence investigation report, however, provided that police could only verify $40,300 in stolen funds. *Id.* The trial court ordered the defendant to pay $60,000 in restitution. *Id.*

{¶22} On appeal, the Ninth Appellate District determined that the trial court's restitution order was not premised upon competent, credible evidence because the resident's statement was unsworn. *Id.* at ¶ 7. The court observed the order was grounded upon an unsupported estimation of potential, unproven losses. *Id.* The court accordingly reversed the trial court's judgment and remanded the matter for additional proceedings.

{¶23} The trial court's order in this matter goes beyond the error identified in *Esterle*. The underlying order is entirely based upon unsworn statements and unadmitted materials. The order is therefore unsupported by any competent evidence.

{¶24} We acknowledge that the rules of evidence do not apply to sentencing proceedings. *See* Evid.R. 101(D)(3). Because restitution is a part of sentencing, a sentencing court is not restricted by the rules of evidence. As such, "the term 'evidence' required to support restitution is not limited to sworn testimony or authenticated

Case Nos. 2025-L-019 and 2025-L-020

documents." *State v. Spanks*, 2019-Ohio-678*,* ¶ 10 (10th Dist.) (observing a trial court may utilize a pre-sentence investigation report to support its findings); *accord In re R.S.*, 2023-Ohio-45*,* ¶ 14 (12th Dist.). Still, a victim must establish *evidence* for entitlement to restitution.

{¶25} Even though a trial court is not "restricted" by the rules of evidence at a sentencing/restitution hearing, this does not imply a record devoid of actual, reviewable evidence is sufficient. An appellate court requires some quantum of evidence in the record to review a trial court's order. Here, this court has no available evidence to evaluate the trial court's order.

{¶26} We are met with a form of a paradox. Rules of evidence do not necessarily apply at a restitution hearing but "evidence" must be adduced by a claimant to establish his or her right to restitution. Unsworn victim observations, etc., are regularly acceptable information at a sentencing hearing as a foundation that informs a trial court's sentencing judgment. Restitution, however, is different. It requires a burden of production. And a court must have competent evidence in support of its order. No such evidence was adduced at the restitution hearing.

{¶27} There is no testimony-based or documentary evidence to support the trial court's order of restitution. Accordingly, the trial court abused its discretion in awarding the restitution amount under the circumstances. We do not conclude that the trial court cannot order restitution. In fact, it would appear counsel for Mr. Reynoso acknowledged that some form of restitution would be appropriate. Nevertheless, there is no competent testimony or documentary evidence in the record to support the current order.

Case Nos. 2025-L-019 and 2025-L-020

{¶28} In *Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, the Supreme Court of Ohio recently observed that "'[O]ur judicial system relies on the principle of party presentation, and courts should *ordinarily* decide cases based on issues raised by the parties.'" (Emphasis added.) *Id.* at ¶ 4, quoting *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15. In this case, we have no evidence to consider in support of or against Mr. Reynoso's argument. Mr. Reynoso's assignment of error is accordingly sustained, but for reasons different from his argument on appeal.

{¶29} The judgment of the Painesville Municipal Court is reversed, and the case is remanded for further proceedings.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case Nos. 2025-L-019 and 2025-L-020

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Painesville Municipal Court is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.

Costs to be taxed against appellee.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2025-L-019 and 2025-L-020